■ PETER SZANTO
11 Shore Pine
Newport Beach CA 92657
949-887-2369

# United States District Court
## in and for the District of Oregon
1000 SW Third Ave, Portland ORE 97204

Peter SZANTO

**Involuntary Debtor, Petitioner**

**vs.**

Evye Szanto, et al,

**Creditors, Respondents**

*ORAL ARGUMENT IS REQUESTED*

# # 3:19-cv-2043 SI

**From US Bankruptcy Court**

**District of Oregon**

**Core Case - 16-bk-33185**

**Non-Core Case - 16-ap-3114**

**Appellant / Debtor's Notice of Motion and Motion to Extend Time to File Appellant's Opening Brief**

---

### May it please this Honorable Court.

### 1. Certification in Compliance with Local Rule 7-1(a)

This Court's Motion Practice rule requires pre-motion party conferral. On January 7, 2021 Debtor / Appellant telephoned contra party counsel in case 16-ap-3114, Mr. Henderson. All of the calls went to voice mail or message taking para-legals. Debtor / Appellant left messages asking for a return call as to stipulation to the within matters could discussed.

As of the close of business on January 11, 2021 debtor had received no calls from any of the counsel at Mr. Henderson's firm. Therefore, pursuant to LR 7-1(a)(1)(B), opposing counsel did not confer with Debtor / Appellant thus necessitating this motion.

## 2. NOTICE

To the respondents and the Court, please take **NOTICE !!**, Debtor / Appellant herein does notice, gives notice and serves notice that he is petitioning for an extension of time to file Appellant's Opening Brief.

As a matter of fact, because the Court decided deadlines, this is Appellant's **1st extension request in this Appeal**.

## 3. FACTS

This Appeal comes to this Court from the Bankruptcy court's Memorandum Opinion [EXHIBIT A].

After that opinion was filed, Appellant filed Objections to the Findings of Fact [EXHIBIT B].

Appellant's objections as to this non-core proceeding came to this Court under 28 USC § 157(c)(1) which provides:

> A bankruptcy judge may hear a proceeding that is not a core
> proceeding but that is otherwise related to a case under title 11.
> In such proceeding, the bankruptcy judge shall submit proposed
> findings of fact and conclusions of law to the district court, and
> any final order or judgment shall be entered by the district judge
> after considering the bankruptcy judge's proposed findings and
> conclusions and after reviewing de novo those matters to which any
> party has timely and specifically objected.

19-cv-2043                    Motion to Extend Time to File AOB   – pg. 2

So far, this Court has not entered

```
any final order or judgment . . .  after considering the bankruptcy
judge's proposed findings and conclusions and after reviewing de
novo those matters to which any party has timely and specifically
objected (ibid)
```

The 28 USC § 157 law **does not automatically** extend time to file appeal. For that reason, Appellant also filed a timely Notice of Appeal.

Only today, January 11, 2021, did Appellant realize that his [EXHIBIT B] objections had been filed in this case as [DOCKET ENTRY12-1].

**Appellant is uncertain as to the significance of that filing into this Appeal,** because the objections are, as a matter of law preliminary to any appeal, because no judgment from this Court has been entered as to the Bankruptcy court's opinion.

Likewise, Appellant is uncertain whether Appeal lies from this Court's 28 USC § 157(c)(1) review. Also, the [EXHIBIT B] paper was constrained by the Bankruptcy court's 20 page limitation (and Appellant would seek to append that paper).

Therefore, preliminary matters exist which would affect the mode and manner of the continuation of Appeal herein.

As a matter of suggestion, Appellant would be of the consideration that a decision as to the Appellant's objections would need to precede further progress of this Appeal.

Further to complicate completion of the Opening Brief, Appellant previously apprised this Court of the death of his wife [EXHIBIT C, preliminary Death Certificate is attached].

Since that previous contact, Appellant's mental state is deteriorating rapidly [EXHIBIT D]. And the suggestion of Appellant's suicide is not referenced jokingly.

Thereupon, Appellant would pray the Court's assistance as to the briefing required in this Appeal (IE, whether the Court will assess the current submissions, whether the court will order further elaboration - since Appellant was constrained by the 20-page limitation - or some other procedure).

As an additional problem with the Appeal at present is the fact that the Bankruptcy court's EXHIBITS (as indicated by its lettering) have not been supplied with the opinion. That is, based on reading the opinion today, and knowing what the exhibits should be, Appellant believes there has been some mix-up or error with the exhibits such that this Court would be misled attempting to decipher the text and the references to, what are, incorrect exhibits.

Lastly, because Appellant is still attempting to resolve his wife's internment, his ability to focus and concentrate on his Opening Brief is highly constrained. Appellant is working diligently to resolve the issues raised by his wife's death, but those are very challenging and filled with grief.

### 4. MEMORANDUM

FRCP 6(b) addresses extensions of time:

```
"(1) In General. When an act may or must be done within a
     specified time, the court may, for good cause, extend
      the time:

            (A)   with or without motion or notice if the court
                  acts, or if a request is made, before the
                  original time or its extension expires"
```

Appellant has found no local rule which alters FRCP 6.

19-cv-2043 Motion to Extend Time to File AOB – pg. 4

The current due date of the Opening Brief is January 11, 2021. The within application is being filed on January 11, 2021.

Thus, since the motion is made prior to the due date of the Opening Brief, the only requirement for extension is good cause.

Here, the extension request seeks until **March 9, 2021** to complete the Opening Brief – or such other briefing as the Court may advise or apprise.

.

### a.  Good Cause   –   Complexity of the Issues

The issues in the appeals before this Court are complex and lengthy. The need to communicate clearly increases the time needed for proper brief completion.

One measure of good cause is to project matters to be presented in light of the complexity of the issues, because that is the only way in which the facts and law of a case can be fully developed and be competently applied to one-another. *Kifafi v. Hilton Hotels Retirement Plan* (2011) 826 F.Supp. 2nd 55, 58.

Here, Appellant contends that it is good cause for an extension of time to file his Opening Brief because he seeks fully to develop all of the complex issues of the Szanto family cases.

Thereupon, Appellant asks extension, properly to perfect the Opening Brief.

### *b. Decision on Merits Rather than Technicalities is Good Cause for Extension*

The U.S. Supreme Court has directed Federal Courts to decide cases on their merits, not constraining technicalities. *Foman v Davis* (1962) 371 U.S. 178, 182 accord *Conley v. Gibson,* (1957) 355 U.S. 41,47.

The standard of the 9th Circuit Court of Appeals' procedure for weighing merits versus technicalities has been expressed as:

> **This court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."**

*Balistreri v. Pacifica Police Department* (1990) 901 F.2nd 696, 699

Here, the most onerous constraining technicality is time. Everyone works at a different pace. And with the writing of briefs, sometimes thoughts and their expression do not coalesce at the quickest desired pace. That is what has happened. Appellant has worked steadily and diligently, but unfortunately was unsuccessful in completion of the Opening Brief.

### c. *Good Cause: Appellant's Constrained Access to Research Material*

Before Appellant's money and property were improperly expropriated by the Bankruptcy court, he was able to afford the online research offered by WESTLAW.

Because Appellant barely has enough money for food, soap, medicine and other basic necessities of life, he can no longer afford WESTLAW research.

Until the Covid crisis, Appellant used law libraries either provided by various counties or local law schools to do his research. With the Covid crises, all these facilities are now closed.

For these reasons, Appellant's access to research materials is **very severally limited**. This limitation adds a further level of difficulty to brief completion, which remains a continuing challenge to Appellant. And dramatically increases Appellant's time to finish research and analysis necessary for proper and efficient briefing.

### 5. Conclusion

Extension is prayed until **March 9, 2021** to prepare the Opening Brief, not merely for Appellant to complete his work, but also for this Court to proceed as to the rules related to 28 USC § 157(c)(1).

Most Respectfully,

Dated   11 January 2021   /s/ *signed electronically* Peter Szanto

# **PROOF OF SERVICE**

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623.

On the date indicated below, I personally served the within: **Motion** on the following by placing the within document in postage pre-paid envelope addressed as:

    1)  Nicholas J. Henderson
        Motschenbacher & Blattner
        117 SW Taylor St., Suite 300
        Portland, OR 97204

    2) United States Bankruptcy Court
       1050 SW Sixth Avenue # 700, Portland OR 97204

and by mailing copies to the above parties *via* 1st class mail, postage prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 1-11-2021  __/s/ signed electronically__