■ PETER SZANTO
11 Shore Pine
Newport Beach CA 92657
<u>949-887-2369</u>

# United States District Court

in and for the District of Oregon
<u>1000 SW Third Ave, Portland ORE 97204</u>

| | |
|---|---|
| Peter <u>SZANTO</u> | **# 3:19-cv-2043** SI |
| **Appellant** | <u>From US Bankruptcy Court</u> |
| | <u>District of Oregon</u> |
| **vs.** | <u>Core Case - 16-bk-33185</u> |
| | <u>Non-Core Case - 16-ap-3114</u> |
| Evye Szanto, et al, | |
| | <u>Appellant / Debtor's Notice of Motion and 2nd Motion to Extend Time to File Appellant's Reply Brief</u> |
| **Appellees** | |

### May it please this Honorable Court.

#### 1. Certification in Compliance with Local Rule 7-1(a)

    This Court's Motion Practice rule requires pre-motion party conferral. On September 29, 2021, Debtor / Appellant telephoned contra party lead counsel in case 16-ap-3114, Mr. Henderson. All calls went to voice mail. Appellant left messages asking for a return call as to stipulation to the within matters or discussion thereof.

    As of the close of court on October 1, 2021, debtor had received no calls from any of the counsel at Mr. Henderson's law firm. Therefore, pursuant to LR 7-1(a)(1)(B),

opposing counsel did not confer with Debtor / Appellant thus necessitating the within application.

## 2. NOTICE

To the respondents and the Court, please take **NOTICE !!** Involuntary Debtor / Appellant herein does notice, gives notice and serves notice that he is petitioning for an extension of time to file Appellant's Reply Brief.

## 3. FACTS

More than $5 million of Appellant's money and property is under the dominion and control of the Trustees. Another $1.2 million of Susan Szanto's money and property (now passed by testamentary descent to Peter Szanto) is likewise under the dominion and control of the Trustees.

Additionally, any observer of the six years of the Involuntary Bankruptcy of Peter Szanto will quickly realize that at every opportunity, every instance, every possible occasion, Judge McKittrick has ruled against Peter Szanto irrespective of law, without reliance on truth and in absolute derogation of all facts or reality.

For that reason, Chase Bank has begun foreclosure proceedings against Peter Szanto's residence [EXHIBIT A].

Of foremost significance to that filing is the recordation date of 9/8/2021. A date squarely within the period of the Hebrew faith's High Holy Days.

Many forget that the Holocaust is of our generation. Many believe that what constitutes anti-Semitism is of a different age. Alas not, of all the days of the year in which to record a Notice of Default, Chase intentionally chose Appellant's faith's holiest

time to send a focused and clear message of contemptuous hatred against Appellant.

Additionally, Chase purposefully did not, as required by statute serve the Notice of Default.

Only through Appellant's diligence, anticipating more charades and bizarre chicanery from those opposing him, through regular – but time consuming -- inquiry at the Orange County Recorder's office did Appellant discover the Notice of Default.

Though Appellant was nearing completion of the reply herein, he is now flummoxed, bewildered and panicked as to where he will live when his home becomes foreclosed!! Appellant does not have the $905,369 redemption amount.

Indeed, in the last 10 days, Appellant has done nothing else but attempt to find ways in which to deal with what is now his prime priority: retaining his home ---- or else finding a new place to live.

This latter prospect, of a new place to reside, is extremely problematic because Appellant's financial resources are non-existent. Likewise, because of the need to concentrate on the cases in this Court and other courts, Appellant is very constrained to have time enough to work to earn money.

Appellant's panic and fear are tangible and impair his ability to complete his Reply Brief obligations for this Court.

Appellant's fear that in short order he will be homeless is intense, real and palpable.

For these reasons, and the others described below, Appellant prays an extension of time to file his Reply Brief herein while he creates and carries forward a plan to avoid foreclosure.

## 4. <u>MEMORANDUM</u>

FRCP 6(b) addresses extensions of time:

```
"(1) In General. When an act may or must be done within a
     specified time, the court may, for good cause, extend
     the time:

          (A)   with or without motion or notice if the court
                acts, or if a request is made, before the
                original time or its extension expires"
```

Appellant has found no local rule which alters FRCP 6.

The current due date of the Reply Brief is October 1, 2021 (DE 32). The within application is being filed on October 1, 2021.

Thus, since the motion is made prior to the due date of the Reply Brief, the only requirement for extension is good cause.

### a. <u>*Good Cause – Appellant's Need to Save His Residence*</u>

Shelter is essential to human survival. As such, Appellant's priorities have turned to finding a way in which to prevent foreclosure of his residence. This is time consuming and stressful. And thereby consumes most of Appellant's waking hours at the present time.

### b. <u>*2nd Good Cause  –  Complexity of the Issues*</u>

The issues in the appeals before this Court are complex and lengthy. The need to communicate clearly increases the time needed for proper brief completion.

One measure of good cause is to project matters to be presented in light of the complexity of the issues, because that is the only way in which the facts and law of a case can be fully developed and be competently applied to one-another. *Kifafi v. Hilton Hotels Retirement Plan* (2011) 826 F.Supp. 2nd 55, 58.

Here, Appellant contends that it is good cause for an extension of time to file his Reply Brief because he seeks fully to develop all of the complex issues of the Szanto family cases.

Thereupon, Appellant asks extension, properly to perfect the Reply Brief.

### c. <u>Decision on Merits Rather than Technicalities is Good Cause for Extension</u>

The U.S. Supreme Court has directed Federal Courts to decide cases on their merits, not constraining technicalities. *Foman v Davis* (1962) 371 U.S. 178, 182 accord *Conley v. Gibson,* (1957) 355 U.S. 41,47.

The standard of the 9th Circuit Court of Appeals' procedure for weighing merits versus technicalities has been expressed as:

> **This court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."**
>
> *Balistreri v. Pacifica Police Department* (1990) 901 F.2nd 696, 699

Here, the most onerous constraining technicality is time. Everyone works at a different pace. And with the writing of briefs, sometimes thoughts and their expression do not coalesce at the quickest desired pace. That is what has happened. Appellant has worked steadily and diligently, but unfortunately was unsuccessful in completion of the Reply Brief.

### d. Good Cause: Appellant's Constrained Access to Research Material

Before Appellant's money and property were improperly expropriated by the Bankruptcy court, he was able to afford the online research offered by WESTLAW.

Because Appellant barely has enough money for food, soap, medicine and other basic necessities of life, he can no longer afford WESTLAW research.

Until the Covid crisis, Appellant used law libraries either provided by various counties or local law schools to do his research. With the Covid crises, all these facilities remain difficult to utilize because of capacity restrictions and lessened staff.

For these reasons, Appellant's access to research materials is **very severally limited**. This limitation adds a further level of difficulty to brief completion, which remains a continuing challenge to Appellant. And dramatically increases Appellant's time to finish research and analysis necessary for proper and efficient briefing.

### 5. Conclusion

Extension to file the Reply Brief herein is prayed until November 1, 2021.

Most Respectfully,

Dated   1 October 2021   /s/ *signed electronically* Peter Szanto

# PROOF OF SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623.

On the date indicated below, I personally served the within: **Motion** on the following by placing the within document in postage pre-paid envelope addressed as:

1) Nicholas J. Henderson
    Motschenbacher & Blattner
    117 SW Taylor St., Suite 300
    Portland, OR 97204

2) United States Bankruptcy Court
    1050 SW Sixth Avenue # 700, Portland OR 97204

and by mailing copies to the above parties *via* 1st class mail, postage prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 1 October 2021  /s/ signed electronically  Maquisha Reynolds